UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
:
ERICK LIMA,                                                              :
:
                         Plaintiff,          :       13 Civ. 3389 (JMF)
:
            -v-                                      :       MEMORANDUM
:       OPINION AND ORDER
HATSUHANA OF USA, INC. et al.,                                           :
:
                        Defendants.        :
:
---------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/16/2014

JESSE M. FURMAN, District Judge:

      By letter motion filed November 5, 2013 (Docket No. 12), the Court was advised that the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, had reached a settlement. By Order dated the same day, the Court advised the parties that it had held that settlement of claims under the FLSA for less than the full statutory amount required judicial approval. (Docket No. 13 (citing *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012)). The Court's Order directed the parties to submit their settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable. (*Id.* at 1 (citing *Wolinsky,* 900 F. Supp. 2d at 335-36)). Citing *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 368-69 (E.D.N.Y. 2013), which held that settlements of FLSA claims do not require judicial approval, the Order also gave the parties a second option: to "file a motion seeking an order that the parties' settlement need not be approved by the Court." (Docket No. 13, at 2)

The parties availed themselves of the second option, filing a joint motion "seeking an order permitting the Parties to resolve this lawsuit brought by Plaintiff under the Fair Labor Standards Act . . . without approval by the Court." (Docket No. 14). In support of their motion, the parties filed a memorandum of law, the argument section of which states in its entirety:

> The Court should permit the Parties to resolve their lawsuit by settlement agreement without court approval, as they are expressly permitted to do so under Rule 41.
> Rule 41 states that a plaintiff may dismiss an action without a court order by either: (i) filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared in the action. Fed. R. Civ. P. 41(a)(1)(A)(i) and (ii). In a recent exhaustive and well-reasoned opinion, Judge Cogan of the U.S. District Court for the Eastern District of New York ruled that parties may voluntarily dismiss a FLSA action pursuant to Rule 41, which gives the parties "free reign to discontinue for any reason." *Picerni v. Bilingual SEIT & Preschool Inc.*, 925 F. Supp. 2d 368, 372 (E.D.N.Y. 2013).
> Accordingly, here, Rule 41 permits the Parties to voluntarily dismiss this pre-answer FLSA dispute without the Court's approval.
> .

(Docket No. 15, at 2). Attached to the parties' memorandum is a signed stipulation of dismissal providing that "[a]ll claims alleged in the complaint . . . are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)." (Docket No. 15, Ex. A).

The parties' cursory argument does not provide a basis for the Court to reconsider its past practice of requiring judicial approval of FLSA claims. It is well established that "[i]ssues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Lyn v. Inc. Vill. of Hempstead*, No. 03 Civ. 5041 (DRH), 2007 WL 1876502, at *16 n.13 (E.D.N.Y. June 28, 2007) (internal quotation marks omitted), *aff'd*, 308 F. App'x 461 (2009) (summary order); *see also, e.g.*, *Chevron Corp. v. Donziger*, No. 11 Civ. 691 (LAK) (JCF), 2013 WL 4045326, at *1 n.3 (S.D.N.Y. Aug. 9, 2013) (noting that the plaintiff "ha[d] waived [an] argument by failing to develop it"); *cf. United States. v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013) (stating and enforcing a similar rule on appeal). That rule applies in full force

here.  Apart from citing Rule 41, the parties do no more than state the conclusion reached by Judge Cogan in *Picerni* — a case that the Court itself had cited in its prior Order.  The parties present no argument, let alone "developed" argument, about why Judge Cogan is correct.

Judge Cogan may well be correct — the Court's invitation for the parties to file a motion arguing that judicial approval is not required was an indication that the Court is open to that possibility and, thus, open to revisiting its holding in *Wolinsky*.  By failing to brief the issue adequately, however, the parties in this case have not presented the Court with an occasion to do so.  Accordingly, the parties' joint motion is DENIED, and it is hereby ORDERED that, **on or before January 30, 2014**, the parties shall submit their settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*.  The letter should also address, as applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).

The Clerk of Court is directed to terminate Docket No. 14.

SO ORDERED.

Dated: January 16, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

3